## STATE OF OREGON,
*Respondent,*

*v.*

## BRIAN NEAL JONES,
*Appellant.*

(M511760; CA A47590)

764 P2d 978

Henry L. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Leslie Jo Westphal, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

■ Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He argues that he should not have been retried a third time for the same offense, because there was prosecutorial misconduct. We affirm.

At the first trial, during the prosecutor's direct examination of the arresting police officer, the witness mentioned that defendant refused to perform field sobriety tests. The court granted a mistrial, after finding that the deputy district attorney did not intend to elicit that response to the question asked. The case was set for retrial. At the second trial, during the direct examination of the same witness, a different prosecutor asked if the witness was present when defendant refused to take field sobriety tests. The court granted a mistrial after it found that the question was an inadvertent reference to the field sobriety test. The case was again set for retrial. Defendant was convicted at the third trial.

On balance, we are persuaded, as were the trial judges, that the statements by the prosecutors were inadvertent. As such, there was no prosecutorial misconduct that would bar further prosecution. *State v. Kennedy,* 295 Or 260, 666 P2d 1316 (1983); *State v. King,* 84 Or App 165, 180, 733 P2d 472, *rev den* 303 Or 455 (1987).

■ We need not address defendant's second assignment of error, because he did not raise it at trial. *State v. Mathews,* 22 Or App 489, 490, 539 P2d 1129, *on reconsideration* 23 Or App 162, 541 P2d 831 (1975).

Affirmed.